UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMIE LYNN HOLMES,<br>　　　　Plaintiff,<br><br>v.<br><br>CREDIT PROTECTION<br>ASSOCIATION, L.P.,<br>　　　　Defendant. | 1:17-cv-03995-WTL-MPB<br><br>DEMAND FOR JURY TRIAL |

## PARTIES' PROPOSED DISCOVERY PLAN

This is a Telephone Consumer Protection Act, 47 U.S.C. §227(b) case, based upon allegedly nonconsensual, improper automated and prerecorded phone calls to Plaintiff's cell phone. Prior Plaintiff counsel was disqualified by court order; the undersigned Plaintiff counsel is new to the case. Plaintiff's counsel has indicated to Defense counsel that Plaintiff intends to request leave to file an amended complaint that contains class allegations.

The parties hereby submit the following discovery plan.[1]

1. Initial Disclosures and Discovery Status: Initial disclosures have been completed. Initial written discovery requests have been exchanged, with initial objections and some responses provided. Plaintiff will be re-issuing much of the already propounded discovery. The parties have begun discussing the meet and confer process on the operative discovery responses. No depositions have been taken.

2. Amendments to Pleadings.

    a. Plaintiff proposes a Fed.R.Civ.P. 16(b)(3)(A) deadline of February 28, 2019 for any party's amendments to pleadings. Plaintiff intends to seek leave to file an amended complaint to assert class claims before December 14, 2018.
    b. Defendant states: As explained below, the parties have been unable to agree on how to address the proposed amendment or what would be a reasonable time line

---

[1] Plaintiff proposes a schedule that contemplates nine months for discovery from the time of the filing of this schedule, and Defendant proposes a schedule that contemplates four months. The parties defer to the Court on which to adopt, or something different.

    for discovery. As such, Defendant suggests a short telephonic conference would assist the parties and the Court.

    Defendant does not think that a February 28, 2019 deadline is appropriate, but given Plaintiff's explanation that the request to amend will be with a motion, Defendant will respond to any motion filed, and defers to the Court on whether there should be a deadline, and what would be an appropriate deadline to set.

3. Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before <u>January 9, 2019</u>. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

4. Preliminary witness and exhibit lists:
    a. Plaintiff proposes she shall file revised preliminary witness and exhibit lists on or before <u>March 30, 2019</u>, and Defendant proposes this be completed by <u>January 31, 2019</u>.
    b. Plaintiff proposes Defendant shall file preliminary witness and exhibit lists on or before <u>March 14, 2019</u>, and Defendant proposes this be completed by February 15, 2018

5. Fact discovery: closes Plaintiff proposes <u>August 30, 2019</u>. Defendant proposes <u>March 29, 2018</u>.

6. Expert Discovery Schedule:
    a. Initial reports from the party with the burden of proof: Plaintiff proposes <u>September 30, 2019</u> and Defendant proposes <u>April 30, 2019</u>;
    b. Response reports: Plaintiff proposes <u>October 30, 2019</u> and Defendant proposes <u>May 31, 2019</u>;
    c. Rebuttal reports, if any: Plaintiff proposes <u>November 30, 2019</u> and Defendant proposes<u> June 28, 2019</u>.

Filed with Defense counsel's authorization.

                                                                       /s/Alexander H. Burke
                                                                       Counsel for Plaintiff

Alexander H. Burke
Daniel J. Marovitch
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com